J-S61019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD DAVID JONES | |
| Appellant | No. 265 WDA 2014 |

Appeal from the PCRA Order of December 10, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0006856-2009

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:　　　　　　　**FILED OCTOBER 30, 2014**

Donald David Jones appeals the December 10, 2013 order denying his petition for relief under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA").[1]  We affirm.

On July 18, 2011, Jones entered into a negotiated guilty plea to one count each of third-degree murder,[2] recklessly endangering another person,[3]

---

[*]　　Retired Senior Judge assigned to the Superior Court.

[1]　　Although dated December 6, 2013, the order was not docketed until December 10, 2013.  We have amended the caption accordingly.

[2]　　18 Pa.C.S. § 2502(c).

[3]　　18 Pa.C.S. § 2705.

and carrying a concealed firearm without a license.[4]  Notes of Testimony ("N.T."), 7/18/2011, at 15-23.  The trial court sentenced Jones on the same date to the negotiated term of not less than twenty nor more than forty years' incarceration for the murder conviction, with no further penalty imposed for the remaining counts.  *Id.* at 30.  The trial court advised Jones of his right to file post-sentence motions and his right to file a direct appeal. Jones did not file any post-sentence motions or a direct appeal, and therefore his judgment of sentence became final on August 17, 2011.[5]

Jones took no further action until December 12, 2012, when he sent a letter to the court requesting information about how he could obtain copies of his discovery packet and plea agreement.  The record does not indicate that the court responded to this letter.  Jones filed a document that the court construed as a PCRA petition on May 21, 2013.[6]  The court returned the filing to Jones with instructions to amend the filing, and appointed the

_____

[4]     18 Pa.C.S. § 6106.

[5]     In its opinion, the PCRA court mistakenly stated that Jones was sentenced on August 18, 2011 and that his judgment of sentence became final on September 17, 2011.  PCRA Court Opinion ("P.C.O."), 5/21/2014, at 2.  Nonetheless, this does not affect our disposition and we may affirm the PCRA court on any grounds.  **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

[6]     Although it was received on June 4, 2013, we deem the petition filed on May 21, 2013, pursuant to the prisoner mailbox rule.  **See Houston v. Lack**, 487 U.S. 266 (1988); **Smith v. Pennsylvania Bd. of Prob. & Parole**, 683 A.2d 278 (Pa. 1996).

Allegheny County Office of Conflict Counsel to represent Jones in the post-conviction proceedings. On November 8, 2013, counsel, having determined that Jones' petition was time-barred and that no exception to the timeliness requirements applied, filed a motion to withdraw as counsel, together with a *Turner*/*Finley* "no-merit" letter.[7] On November 12, 2013, the PCRA court granted counsel's motion to withdraw and, pursuant to Pa.R.Crim.P. 907, issued a notice of its intention to dismiss the petition without a hearing and informing Jones of his right to respond to the proposed dismissal. Jones did not respond, and the PCRA court accordingly dismissed the petition on December 10, 2013.

Jones timely filed a *pro se* notice of appeal on January 6, 2014. On February 24, 2014, the PCRA court directed Jones to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), to be served on the court no later than March 17, 2014. The PCRA court received Jones' concise statement on March 19, 2014, but did not find that the concise statement was untimely.[8] In accordance with Pa.R.A.P. 1925(a), the PCRA court issued an opinion in support of its order on May 21, 2014.

_____

[7] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[8] Jones' concise statement is dated March 10, 2014. Thus, his statement is timely filed pursuant to the prisoner mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1988); *Smith v. Pennsylvania Bd. of Prob. & Parole*, 683 A.2d 278 (Pa. 1996).

Jones raises the following issue for our review:

[Whether t]rial counsel was ineffective for failing to file any post sentence motion and failing to perfect and advance an appeal on behalf of [Jones].

Brief for Jones at 6 (unnumbered).

Our standard of review for the dismissal of a PCRA petition is well-settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

Preliminarily, we must determine if the PCRA court had jurisdiction to review Jones' PCRA petition. The PCRA provides that:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or

- 4 -

the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b).

"The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)). Statutory time limitations "are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999).

Jones' judgment of sentence became final on August 17, 2011. Thus, he had one year, until August 17, 2012, to file a timely petition. 42 Pa.C.S. § 9545(b)(1). Jones filed the document that the PCRA court construed as a PCRA petition on May 21, 2013, nine months beyond the expiration of the one-year time restriction set by 42 Pa.C.S. § 9545(b)(1).[9] Thus, Jones' petition was untimely on its face. Consequently, for the PCRA court to have

---

[9] Even if we were to give Jones the benefit of assuming, *arguendo*, that the letter filed December 12, 2012 initiated these collateral proceedings, the petition would still have been untimely filed by nearly four months.

had jurisdiction to review the merits of Jones' PCRA petition, Jones must have proven that he meets one of the exceptions to the timeliness requirements as set forth in in 42 Pa.C.S. § 9545(b)(1)(i)-(iii).  After careful review of Jones' brief, the PCRA court's opinion, and the certified record, we conclude that Jones has failed to plead, let alone prove, any of the exceptions to the timeliness requirements enumerated in the PCRA.  As a result, the PCRA court lacked jurisdiction to address the merits of Jones' PCRA petition, and its dismissal of Jones' petition was not erroneous.  ***Albrecht***, 994 A.2d at 1093.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2014